UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
KRYSTLE JORGE, on behalf of herself and                    Civil Action No.
all others similarly situated


                            Plaintiffs,                                   **CLASS ACTION COMPLAINT**

    v.

GOLD KEY CREDIT, INC.                                      **NO JURY TRIAL DEMANDED**

                            Defendant.
-------------------------------------------------------X

Plaintiff, by and through her counsel, Ryan Gentile, Esq., as and for her complaint against Defendant, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows.

## INTRODUCTION

1. Krystle Jorge ("Plaintiff"), on her own behalf and on behalf of the class she seeks to represent, brings this action to secure redress for the debt collection practices utilized by Gold Key Credit, Inc. ("GKC" or "Defendant") in connection with their attempts to collect alleged debts from herself and others similarly situated.

2. Plaintiff alleges that GKC's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements made in connection with the collection of a

1

     debt; unfair or unconscionable collection methods; and requires certain disclosures. *See* 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. *See* <u>Bentley v Great Lakes Collection Bureau</u>, 6 F.3d 60, 62-63 (2d Cir. 1993).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this FDCPA claim pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6. Venue and personal jurisdiction in this District are proper because:
    a. The acts giving rise to this lawsuit occurred within this District, and
    b. Defendant does business within this District.

## PARTIES

7. Plaintiff, Krystle Jorge, is an individual natural person who at all relevant times resided in the City of Valley Stream, County of Nassau, State of New York.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Defendant, Gold Key Credit, Inc., at all times relevant hereto, is and was a Corporation with offices located at 16070 Aviation Loop Dr, Brooksville, FL 34604.

10. The principal purpose of GKC is the collection of debts using the mail and telephone.

11. GKC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. GKC is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

13. On or about August of 2012, Plaintiff allegedly incurred a debt originally owed to Island Emergency Medical Services (the "Debt").

14. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from medical services rendered to Plaintiff.

15. The medical debt is a "debt" as defined by 15 U.S.C. §1692a(5).

16. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments allegedly owed on the alleged Debt.

17. At a time known only to Defendant, Plaintiff's alleged Debt was placed with Defendant for collection by either Island Emergency Medical Services or the subsequent owner of the Debt.

18. On or about February 20, 2017, GKC mailed or caused to be mailed a letter to Plaintiff. (Annexed and attached hereto as Exhibit A is a true copy of the letter dated February 20, 2017 but with redactions, sent by GKC to Plaintiff)

19. Plaintiff received and reviewed the letter attached as Exhibit A.

20. Exhibit A seeks to collect the Debt.

21. The letter attached as Exhibit A is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

22. Exhibit A represents GKC's initial collection "communication" with Plaintiff as "communication" is defined by 15 U.S.C. §1692a(2).

23. Besides the letter attached as Exhibit A, Plaintiff did not receive any other document from GKC purporting to contain the initial disclosures required by 15 U.S.C. §1692g.

24. Exhibit A was the only document GKC sent to Plaintiff purporting to contain the initial disclosures required by 15 U.S.C. §1692g.

25. Exhibit A fails to state by name and label any "creditor", "current creditor" or "creditor to whom the debt is owed".

26. Exhibit A states in relevant part on the back of the letter, "Original Creditor ISLAND EMERGENCY MEDICAL SVC".

27. Exhibit A lists only the original creditor and does not state who the Plaintiff's current creditor is now.

28. Although Exhibit A identifies the original creditor to whom the alleged Debt was owed, it does not clearly identify Plaintiff's current creditor.

29. Exhibit A further provides a settlement offer and states: "1. Remit 50% of the amount listed below to our office directly." The "amount listed below" is $219.25. Plaintiff is then instructed to send the payment of 50% of the total balance with the enclosed detachable portion at the bottom of the letter.

30. The detachable portion of the letter (which is at the bottom of Exhibit A) shows an outstanding balance of $219.25 and makes with no reference to any lesser settlement amount or 50% settlement offer.

31. There is no separate coupon or statement in the detachable portion of Exhibit A indicating that a payment of 50% of $219.25 ($109.63) would be regarded as a settlement in full.

32. Exhibit A is a standard form letter.

33. Documents in the form represented by Exhibit A are regularly sent by GKC to collect debts from consumers.

34. GKC mailed or caused to be mailed letters in the form of <u>Exhibit A</u> over the course of the past year to hundreds of New York consumers from whom GKC attempted to collect a consumer debt.

## CLAIMS FOR RELIEF

## COUNT I

<u>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(15 U.S.C.§1692g)</u>

35. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

36. In sending the letter attached as <u>Exhibit A</u> GKC violated 15 U.S.C. §§1692g and 1692g(a)(2).

37. 15 U.S.C. §1692g provides:

**§1692g Validation of Debts**

**(a) Notice of debt; contents**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing

(2) the name of the creditor to whom the debt is owed;

38. In considering whether a collection notice violates the FDCPA, Courts in the Second Circuit apply the "least sophisticated consumer" standard. <u>Clomon v. Jackson</u>, 988 F.2d 1314, 1318 (2d Cir. 1993).

39. When determining whether the "name of the creditor to whom the debt is owed" has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

5

40. Although the letter attached as <u>Exhibit A</u> identifies the original creditor to whom plaintiff's alleged debt was owed, it fails to identify Plaintiff's current creditor.

41. Pursuant to 15 U.S.C. §1692g(a)(2), GKC was required in their initial communication attached as <u>Exhibit A</u> to identify the name of the <u>current</u> creditor to whom Plaintiff's Debt was owed.

42. GKC's obligation under §1692g(a)(2) is not only to identify the name of Plaintiff's current creditor, but to clearly convey the name of the current creditor.

43. GKC violated 15 U.S.C. §1692g(a)(2) because the letter attached as <u>Exhibit A</u> is confusing, contradictory, and unclear. <u>Exhibit A</u> fails to clearly identify the name of the creditor to whom the Debt is owed.

44. The use of the term "Original Creditor" implies that there is a new or "current" creditor.

45. Even a sophisticated consumer would have a difficult time deciphering to whom their debt is owed to in light of the reference to "Original Creditor" without further clarification of who their current creditor is.

46. Plaintiff, as would any least sophisticated consumer, was left unsure as to what creditor GKC was attempting to collect for.

47. Merely naming the original creditor, does not clearly convey to Plaintiff or a least sophisticated consumer, who their current creditor is.

48. The language contained in <u>Exhibit A</u> is false, deceptive, and misleading because the least sophisticated consumer would be confused and uncertain as to the name of the creditor to whom their debt is owed.

49. Be reason thereof, Defendant is liable to Plaintiff and the proposed class for judgment that Defendant's conduct violated 15 U.S.C. §1692g and for statutory damages costs and attorneys' fees pursuant to 15 U.S.C. §1692k.

## CLAIMS FOR RELIEF

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (15 U.S.C.§1692e)

50. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

51. In sending the letter attached as Exhibit A GKC violated 15 U.S.C. §1692e(10).

52. Section 1692e provides:

**§1692e.   False or Misleading Representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

53. While 15 U.S.C. §1692e prohibits certain practices, the list is non-exclusive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

54. In considering whether a collection notice violates §1692e, Courts in the Second Circuit apply the "least sophisticated consumer" standard. Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993).

55. GKC violated §1692e(10) because the letter attached as Exhibit A fails to state the name of the current creditor to whom Plaintiff's alleged Debt is owed. Exhibit A only states to whom Plaintiff's alleged debt was originally owed to with no reference to whom the debt

7

is currently owed to. As such, Defendant used a false, deceptive, and misleading representation to collect the Debt in violation of 15 U.S.C. §1692e(10).

56. GKC violated §1692e(10) because the letter attached as <u>Exhibit A</u> fails to state in the detachable payment coupon that if Plaintiff were to pay 50% of the $219.25 amount that the balance of the amount owed would be waived. To the contrary, the payment coupon states the outstanding balance is $219.25 and does not provide the option of a lesser payment equal to 50% of the total balance, nor does it refer to the settlement offer.

57. An individual remitting $109.63 would attach his or her check to the payment coupon which states that he or she owes $219.25 with no reference to any settlement amount. The individual would therefore not be credited with accepting the settlement offer.

58. GKC's failure to include the settlement offer in the payment coupon is a false representation or deceptive means to collect or attempt to collect any debt.

59. Plaintiff has alleged a particularized injury because the letter attached as Exhibit A was mailed and directed to her.

60. Plaintiff has alleged a concrete harm because Section 1692e of the FDCPA, unlike other statutory schemes, creates a substantive right to be free from abusive debt communications and Defendant's violation of that provision of the FDCPA results in concrete harm to Plaintiff. *See* <u>Bautz v. ARS National Services Inc</u>., 2016 WL 7422301 (E.D.N.Y. Dec. 23, 2016).

61. Be reason thereof, Defendant is liable to Plaintiff and the proposed class for judgment that Defendant's conduct violated 15 U.S.C. §1692e and for statutory damages costs and attorneys' fees pursuant to 15 U.S.C. §1692k.

## CLASS ALLEGATIONS

62. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

63. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

64. This cause of action is brought on behalf of Plaintiff and the members of the following class.

65. The class consists of (a) all individual natural persons (b) with a New York address (c) who were sent an initial collection letter from GKC in a form materially identical or substantially similar to the letter attached as Exhibit A to the Complaint (d) which was not returned by the post office as undeliverable (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

66. The proposed class specifically excludes the United States of America, the states of the Second Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Second Circuit and the United States Supreme Court, and all officers and agents of Defendant.

67. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    i. **Numerosity**: Plaintiff is informed and believes and on that basis alleges that the class defined above is so numerous that joinder of all members would be impracticable. Upon information and belief, there are at least 40 members of the class. The exact number of members of the class is unknown to Plaintiff at

9

    this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

ii. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e and §1692g; (c) The availability of statutory penalties; and (d) Attorneys' fees and costs.

iii. **Typicality**: Plaintiff's claims are typical of those of the class they seek to represent. The claims of Plaintiff and each class member originate from the same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the absent class members and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class. Plaintiff is willing and prepared to serve this Court and the proposed class. The

      interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither Plaintiff, nor their counsel, have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

    v.  **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all class members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

68. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting any individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

69. A class action is superior for the fair and efficient adjudication of this matter in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights; and

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Counts I and II may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;

2. Adjudging that GKC violated 15 U.S.C. §§1692e, 1692e(10), 1692g and 1692g(a)(2);

3. An award of statutory damages for Krystal Jorge and the class pursuant to 15 U.S.C. §1692k;

4. Attorneys' fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
July 20, 2017

THE PLAINTIFF

By: /s/ Ryan Gentile
_____
Ryan Gentile, Esq.
Law Offices of Gus Michael Farinella PC
*Attorney for Plaintiff*
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (212) 675-6161
Fax: (212) 675-4367
rlg@lawgmf.com

**NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

The Law Offices of Gus Michael Farinella, PC

By: /s/ Ryan Gentile
    Ryan Gentile